# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Cameron Dopita, | ) |
| Plaintiff, | ) **ORDER GRANTING MOTION TO STRIKE** |
| vs. | ) |
| SM Fencing & Energy Services, | ) Case No. 1:18-cv-223 |
| Defendants. | ) |

Before the court is a "Motion to Strike Punitive Damages from Plaintiff's Complaint" filed by defendant on December 4, 2018. (Doc. No. 11). Plaintiff filed a complaint that contains a request for punitive damages. (Doc. No. 1). Defendant seeks to strike this request pursuant to N.D.C.C. § 32-03.2-11.

Fed. R. Civ. P. 12(f) empowers the court to "strike from the pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although a claim for punitive damages does not fit neatly into either of these categories, it may nevertheless be subject to a motion to strike. See Johnson v. Metro. Sewer Dist., 927 F.Supp. 874, 875–76 (E.D. Mo. 1996) (striking a claim for punitive damages against defendants exempted from the imposition of such claims); Brown v. Potter, No. 1:04-CV-350, 2005 WL 2090904, at * 5 (W.D. Mich. Aug. 30, 2005) ("The court may utilize [Fed. R. Civ. P. 12(f)] to strike a claim for damages that is improperly contained in the plaintiff's complaint."); see also Benigno v. Flatley, No. 01-CV-2158, 2002 WL 123360 (E.D Pa. Jan. 29, 2002) (granting in part a motion to strike a claim for punitive damages); but see Mitchell v. Consol. Freightways Corp. of Del., 757 F. Supp. 1446, 1447 n. 1 (M.D. Fla 1990) ("[T]his Court held improper use of a motion to strike to attack a punitive damages claim. The

1

correct device is a motion to dismiss, a procedural difference that is significant precisely because it determines the scope of review of a Magistrate's order."); Prof'l Asset Mgmt, Inc. v. Penn Square Bank, N.A., 566 F. Supp. 134, 136 (D. Okla. 1983) ("By its own terms, Rule 12(f) only allows the court to strike insufficient defenses or any redundant, immaterial, or scandalous matter. The plaintiff's claim for punitive damages fits into neither category." (internal citations and quotations omitted)).

North Dakota law prohibits a complaint from seeking punitive damages upon commencement of an action. See N.D.C.C. § 32-03.2-11. It further provides that a punitive damages claim may only be asserted upon leave of court to allow such an amendment, on a showing by plaintiff "that there is sufficient evidence to support a finding by the trier of fact that a preponderance of the evidence proves oppression, fraud, or actual malice." N.D.C.C. § 32-03.2-11(1). In cases where its jurisdiction is based upon diversity of citizenship, this court has consistently held that procedural requirements constitute a substantive right. Scheuller v. Remington Arms Co., LLC, No. 2:11-CV-108, 2012 WL 2370109, at * 2 (D.N.D. June 6, 2012); McHugh v. Jacobs, 450 F. Supp.2d 1013, 1021 (D.N.D. 2003); Lowell v. Zurich Ins. Co., Civ. No. A3-91-72, 1992 WL 212233, at *3 (D.N.D. Aug. 20, 1992) (applying North Dakota's punitive damage statute in a case where jurisdiction was predicated upon diversity of citizenship). "Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996) (citing Erie R. Co. v. Tompkins, 304 U.S. 64 (1938)).

The court **GRANTS** defendant's motion (Doc. No. 11) and **ORDERS** that all references in plaintiff's claim to punitive damages be stricken. To claim punitive damages, plaintiff, must file a motion for leave to amend its counterclaim.

Dated this 13th day of December, 2018.

>*/s/ Charles S. Miller, Jr.*
>Charles S. Miller, Jr., Magistrate Judge
>United States District Court